**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN BRIAN CLARK, JBC Structured Products LLC,  and MARATHON CAPITAL LLC )))) | |
| Plaintiffs ) | Case No. : 1:23-cv-5340 |
| ) | |
| BRC INC., a Delaware corporation, BLACK RIFLE COFFEE COMPANY, LLC, a Delaware limited company, )))) | |
| Defendants ) | |

**COMPLAINT**

Plaintiffs, John Brian Clark ("Clark"), JBC Structured Products LLC ("JBC"), Marathon Capital LLC ("Marathon") (collectively "Plaintiffs), by and through their undersigned counsel, and for their Complaint against the Defendants, BRC Inc. ("BRC") and Black Rifle Coffee Company, LLC ("Black Rifle"), allege and state as follows:

**PARTIES TO THE ACTION**

1.      Plaintiff John Brian Clark is a resident of Collier County, in the City of Naples, State of Florida.

2.      Plaintiff JBC Structured Products LLC is a limited liability company incorporated in the State of Pennsylvania with its principal place of business in New Hope, Pennsylvania. JBC is owned by Plaintiff Clark.

3.      Plaintiff Marathon Capital LLC is a limited liability company incorporated in the State of Florida, with its principal place of business in Miami Beach Florida. Jonathan Levene "(Levene") is the managing member of Marathon. Levene is a resident of Ocean County, in the City of Toms River, State of New Jersey.

4.      Upon information and belief, Defendant BRC Inc. is a business entity believed to be a Delaware corporation with its headquarters located in Salt Lake City, Utah. BRC's common stock is traded on the New York Stock Exchange under the ticker "BRCC."

5.      Upon information and belief, Defendant Black Rifle Coffee Company, LLC, is a business entity believed to be a Delaware corporation with its headquarters located in San Antonio, Texas.

6.      BRC is a public company that is the managing member of Black Rifle. BRC's common stock is traded on the New York Stock Exchange under the ticker "BRCC."

## JURISDICTION AND VENUE

7.      Pursuant to Title 28, United States Code, Section 1331, this Court has subject matter jurisdiction because this dispute arises under the securities laws of the United States. This dispute necessarily raises a substantial question of federal law: whether the underlying securities Warrants were registered under the Securities Act of 1933 as of January 13, 2022, the date that the Form S-4 was declared effective by the SEC.

8.      Plaintiffs purchased BRC Warrants through communication with Black Rifle that gave Plaintiffs the right to buy a share of Black Rifle common stock for a specific price within a set window of time or by a specific date.

9.      Pursuant to Title 28, United States Code, Section 1391, this Court has personal jurisdiction based upon the terms of the Warrant Agreement. Pursuant to the Warrant Agreement, the Parties "irrevocably submit[ted]" to the jurisdiction of the United States District Court for the Southern District of New York with respect to "any action, proceeding or claim against it arising out of or relating in any way to this Agreement[.]" Black Rifle, through BRC, and BRC individually, consented to "the courts of the State of New York or the United States District Court

for the Southern District of New York" as the "exclusive forum for" any action arising out of the Warrant Agreement, and has "waive[d] any objection to such exclusive jurisdiction and that such courts represent an inconvenient forum." *See Warrant Agreement*, **Exhibit A**, **§** 9.3.

## FACTUAL ALLEGATIONS

10.     A public company called SilverBox Engaged Merger Corp. I ("Silverbox") was a blank check company formed for the purpose of effecting a merger, capital stock exchange, asset acquisitions, stock purchase, and reorganization or similar business combinations.[1]

11.     Through SilverBox's registration statement with the Securities Exchange Commission ("SEC"), effective February 25, 2021, SilverBox issued an initial public offering of 34.5 million units of equity securities consisting of "Class A common stock" and redeemable warrants to purchase additional shares of its stock at the rate of one warrant per share, with an exercise price of $11.50 a share (the "Warrants").

12.     On February 25, 2021, SilverBox entered a warrant agreement ("Warrant Agreement") (**Exhibit A**) with Continental Stock Transfer & Trust Company, with SilverBox's initial public offering of securities generating gross proceeds of approximately $34.5 million.

13.     Section 9.5 of the Warrant Agreement provided expressly inures to the benefit of Warrant holders: "All covenants, conditions, stipulations, promises, and agreements contained in this Agreement shall be for the sole and exclusive benefit of the parties hereto and their successors and assigns and of the Registered Holders of the Warrants." (**Exhibit A**).

14.     SilverBox and BRC completed a Business Combination Agreement ("BCA") on February 9, 2022, in which BRC assumed the Warrant Agreement and all the obligations thereof

---

[1] https://www.sec.gov/Archives/edgar/data/1836707/000121390021012588/f424b42021_silverboxengaged.htm, last accessed May 24, 2023.

and became the parent company of Black Rifle in which BRC conducts substantially all of its business.

15.     In order for Warrant holders to exercise their right to buy shares of BRC's common stock at $11.50, pursuant to the Warrant Agreement, two conditions must be met: (1) 30 days must have elapsed since the completion of the BCA, and (2) the common stock shares underlying the Warrants must be registered under the Securities Act of 1993, as amended, by way of an effective registration statement ("Form S-4"). (**Exhibit A § 7.4.1**). As discussed below, both events have taken place.

16.     Section 3.3.2 of the Warrant Agreement reads, in part:

> As soon as practicable after the exercise of any Warrant and the clearance of the funds in payment of the Warrant Price ... the Company shall issue to the Registered Holder of such Warrant a book-entry position or certificate, as applicable, for the number of full shares of Common Stock to which he, she or it is entitled ... Notwithstanding the foregoing, the Company shall not be obligated to deliver any shares of Common Stock pursuant to the exercise of a Warrant and shall have no obligation to settle such Warrant exercise unless (a) **a registration statement under the Securities Act covering the issuance of the Common Stock underlying the Public Warrants is then effective** and (b) a prospectus relating thereto is current, subject to the Company's satisfying its obligations under Section 7.4 or a valid exemption from registration is available.

> (emphasis added). (**Exhibit A**).

17.     Section 7.4.1 of the Warrant Agreement concerns the registration of shares of common stock, and reads in part:

> The Company agrees that **as soon as practicable, but in no event later than fifteen (15) Business Days after the closing of its initial Business Combination**, it shall use its reasonable best efforts to file with the Commission a registration statement for the registration, under the Securities Act of the shares of Common Stock issuable upon exercise of the Warrants. The Company shall use its reasonable best efforts to cause the same to become effective within sixty (60) Business Days following the closing of the initial Business Combination and to maintain the effectiveness of such registration statement, and a current prospectus relating thereto, until the expiration or redemption of the Warrants in accordance with the provisions of this Agreement.

(emphasis added) (**Exhibit A**).

18.     After prior submissions and comments from the SEC, BRC filed a Third Amended

Form S-4 on January 11, 2022,[2] which became effective on January 13, 2022, without further

requirements or comment by the SEC.[3]

19.     The Form S-4 registered Black Rifle's 17,766,667 shares of Class A Common

Stock, issuable upon exercise of warrants.

20.     Also on January 11, 2022, counsel for Black Rifle issued a legally binding opinion

letter reiterating the two conditions for holders to exercise their Warrants, stating in pertinent part:

> *When (i) the Registration Statement has been declared effective* by order of the
> Commission (and not suspended or withdrawn), (ii) the Merger Certificates have
> been filed with and accepted by the Delaware Secretary of State, (iii) [BRCC's]
> Charter has been filed with and accepted by the Delaware Secretary of State, and
> (iv) the Warrants have been issued and paid for in the manner contemplated by and
> upon the terms and conditions set forth in the Registration Statement and the
> Business Combination Agreement, *the Warrants will be valid and binding
> obligations of [BRCC], enforceable against [BRCC]* in accordance with their
> terms, except as such enforceability may be limited by (x) any applicable
> bankruptcy, insolvency, reorganization, moratorium or similar laws affecting
> creditors' rights generally including, without limitation, fraudulent transfer or
> fraudulent conveyance laws; (y) public policy considerations, statutes or court
> decisions that may limit rights to obtain exculpation, indemnification or
> contribution (including, without limitation, indemnification regarding violations of
> the securities laws and indemnification for losses resulting from a judgment for the
> payment of any amount other than in United States dollars); and (z) general
> principles of equity (including, without limitation, concepts of materiality,
> reasonableness, good faith and fair dealing) and the availability of equitable
> remedies (including, without limitation, specific performance and equitable relief),
> regardless of whether considered in a proceeding in equity or at law.

(emphasis added) (**Exhibit B, pp.1-2**)

---

[2] https://www.sec.gov/Archives/edgar/data/1891101/000110465922002916/tm2131392-20_s4a.htm, last accessed
May 24, 2023.
[3] https://www.sec.gov/Archives/edgar/data/1891101/999999999522000130/xslEFFECTX01/primary_doc.xml, last
accessed May 24, 2023.

21.    With the Warrants being registered, and the BCA being closed on February 9, 2022, both conditions for holders to exercise their right to buy shares were satisfied on March 11, 2022.

22.    Levene, on behalf of Marathon, emailed "ir@blackriflecoffee.com" on March 2, 2022, requesting confirmation that his Warrants in BRC would be freely tradeable on March 11, 2022. Tanner Doss ("Doss"), Vice President of Investor Relations for Black Rifle confirmed the Warrants would be exercisable on March 11, 2022. (**Exhibit C**). Levene shared this information with Plaintiff Clark.

23.    Based on a good faith reliance on the information provided by Doss, Plaintiff Clark purchased Warrants between March 2, 2022 – March 16, 2022, for JBC Structured Products LLC, and between March 3, 2022 – March 29, 2022, individually for a combined total of 671,514 (529,204 and 142,310 respectively) Warrants. This was a total investment of $2,139,709.00 ($1,666,975.00 and $472,734.00 respectively).

24.    Based on a good faith reliance on the information provided by Doss, Plaintiff Marathon purchased Warrants on March 2, 2022, through March 31, 2022, for a total of 77,865 Warrants. This was a total investment of $272,095.00.

25.    Plaintiffs Marathon, Clark and JBC were unable to exercise their Warrants, in violation of the Warrant Agreement, on March 11, 2022. Doss informed Plaintiff Marathon, through Levene, the Warrants could not be exercised because Black Rifle's legal counsel decided a Form S-1 was necessary, even though the SEC made no such comment, requirement, or recommendation, which was issued on March 16, 2022, though it is not required by law. (**Exhibit D**).

26.    Pursuant to SEC Regulation found at 17 C.F.R. § 239.25:

This [S-4] form may be used for registration under the Securities Act of 1933 of securities to be issued (a) in a transaction of the type specified in paragraph (a) of

Rule 145 (§ 230.145 of this chapter); (b) in a merger in which the applicable state law would not require the solicitation of the votes or consents of all of the security holders of the company being acquired; (c) in an exchange offer for securities of the issuer or another entity; (d) in a public reoffering or resale of any such securities acquired pursuant to this registration statement; or (e) in more than one of the kinds of transactions listed in paragraphs (a) through (d) registered on one registration statement.

27.     Plaintiffs continued contacting Black Rifle through Doss to inquire about their right to exercise through March 29, 2022, and March 31, 2022, and were told that Black Rifle was waiting on the SEC for comment from the Form S-1 untimely submitted.

28.     An Amended S-1 was issued on April 19, 2022,[4] which was not effective until May 4, 2022, at 4:00 P.M..[5]

29.     In the interim, Plaintiffs attempted to mitigate their losses by attempting to sell stock and were forced to liquidate Warrants.

30.     On April 4, 2022, BRC issued a Notice of Redemption of All Outstanding Warrants ("Redemption Notice"). Under the Redemption Notice terms the redemption would occur May 4, 2022, at 5:00 P.M. for outstanding Warrants at the price of $0.10 per warrant. In the alternative, Warrant holders had until May 4, 2022, to exercise Warrants on a "cashless basis," in which they would receive a maximum of .361 shares per Warrant. Specifically, the Redemption Notice stated:

> The redemption will occur at 5:00 p.m. New York City time on May 4, 2022 (the "Redemption Date"), before which time the Warrants may be exercised on a "cashless" basis as described in the Redemption Notice (as defined below). Warrant holders may not exercise Warrants and receive shares of Class A Common Stock in exchange for payment in cash of the $11.50 per Warrant exercise price until a registration statement covering the issuance of shares of Class A Common Stock upon exercise of the Warrants for cash under the Securities Act of 1933, as amended (the "Securities Act"), is declared effective by the Securities and Exchange Commission (the "SEC"). The Company filed a registration statement on Form S-1 with the SEC (Registration No. 333-263627) to register the issuance of shares of Class A Common Stock upon exercise of the Warrants for cash under the Securities

---

[4] http://edgar.secdatabase.com/557/110465923035128/filing-main.htm, last accessed May 24, 2023.
[5] https://www.sec.gov/Archives/edgar/data/1891101/999999995522001311/xslEFFECTX01/primary_doc.xml, last accessed May 24, 2023.

Act, but the registration statement has not yet been declared effective by the SEC and the Company cannot give any assurances that the SEC will declare it effective prior to the Redemption Date. To the extent the registration statement is declared effective by the SEC prior to the Redemption Date, the Company will inform Warrant holders of the procedure to exercise their Warrants for cash and receive shares of Class A Common Stock in exchange for payment in cash of the $11.50 per Warrant exercise price. **Any Warrants that remain unexercised at 5:00 p.m. New York City time on the Redemption Date will be void and no longer exercisable, and the holders of those Warrants will be entitled to receive only the Redemption Price of $0.10 per Warrant (or as otherwise described in the Redemption Notice for holders who hold their Public Warrants in "street name").** The Company understands from NYSE that May 3, 2022, the trading day prior to the Redemption Date, will be the last day on which the Warrants will be traded on NYSE.

(emphasis included in original). (**Exhibit E**).

31.     With the deadline to exercise Warrants (for .361 shares per Warrant) being May 4, 2022, at 5:00 P.M. EST, and the Form S-1 not even being effective until one hour prior, as a practical matter, at no time were Plaintiffs able to exercise their Warrants except on a "cashless basis" as described in paragraph 17 above.

32.     BRC, though Black Rifle, breached the Warrant Agreement by failing to use its reasonable best efforts to timely file a registration statement for the Warrants with the SEC.

33.     BRC's and Black Rifle's erroneous conduct caused Plaintiffs substantial financial loss. For example, at the close of trading on the NYSE on April 11, 2022, the share price of the Class A common stock was $33.11. Had holders of Warrants been able to exercise their Warrants on that date, they would have had to have paid an exercise price of $11.50 per share, for which they would have received an equivalent number of shares of Class A common stock valued at $33.11, for a $21.61 profit per share for each of the Warrants exercised.

34.     Instead, the share price of the Class A common stock was $14.61 on the NYSE at close of business on May 4, 2022, giving an equivalent value per share of $5.27 (again less the cost of acquiring those Warrants), to each Warrant holder.

35.     As a result of Black Rifle's and BRC's breach of Warrant Agreement and the denial of Plaintiff Clark's, Plaintiff JBC's and Plaintiff Marathon's right to exercise their Warrants, Plaintiffs were forced to do sell calls and/or liquidate some of their Warrants prior to May 4, 2022, resulting in a loss of millions of dollars in damages to Plaintiff Clark, Plaintiff JBC, and Plaintiff Marathon. Plaintiff Clark, Plaintiff JBC, and Plaintiff Marathon, lost profits of over $1 million.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment under 28 U.S.C. § 2201 That the Warrants Were Registered When the SEC Declared the Form S-4 Effective and That the Warrants Should Have Been Exercisable on March 11, 2022)

36.     Plaintiffs hereby adopt and incorporate each allegation set forth above.

37.     The SEC declared the third Amended Form S-4 effective January 13, 2022, after having made prior comments on the First and Second submitted FormS-4s. (*See* **Exhibit F**, p.5, paragraph 3[6]).

38.     No further comment was provided by the SEC at the time the third Amended Form S-4 was deemed effective on January 13, 2022.

39.     For the reasons set forth above, the Plaintiffs seek a declaration that the Warrants and the shares of common stock underlying the Warrants were registered within the meaning of the Securities Act of 1933 as of January 13, 2022, the effective date of the Form S-4.  Therefore, the Warrants should have been exercisable on March 11, 2022.

## SECOND CAUSE OF ACTION

### (Breach of Contract Resulting in General and Compensatory Damages)

40.     Plaintiffs hereby adopt and incorporate each allegation set forth above.

---

[6] Please note Exhibit F was an expert report and an exhibit in the related case *Tang Capital Partners, LP v. BRC, Inc.*, in the U.S. District Court for the Southern District of New York, Cause No. 1:22cv-3476 (RWL)

41.     The elements for a claim of breach of contract in New York are: (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages. See *Terwilliger v. Terwilliger*, 206 F.3d 240, 246 (2d Cir. 2000).

42.     The Warrant Agreement is an enforceable contract BRC and Black Rifle assumed.

43.     Plaintiff Clark, Plaintiff JBC, and Plaintiff Marathon are beneficiaries of the Warrants pursuant to Section 2.3.2 of the Warrant Agreement and is thereby a third-party beneficiary. (**Exhibit A**).

44.     As third-party beneficiaries, Plaintiffs have rights under the Warrant Agreement pursuant to Section 9.5. (**Exhibit A**).

45.     Plaintiffs performed all material conditions, covenants, obligations, and promises required under the terms of the Warrant Agreement.

46.     BRC and Black Rifle breached their duties to abide by the terms and obligations of Warrant Agreement by refusing to allow Plaintiffs to exercise their Warrants.

47.     As a result of BRC and Black Rifle's breach, Plaintiffs have suffered damage by way of a loss of millions of dollars.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

1.      Award Plaintiffs general and compensatory damages according as to be determined at trial;

2.      Award Plaintiffs costs and disbursements, including attorney's fees, related to this dispute; and

3.      Any further relief deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury in this action of all issues so triable.

Respectfully submitted,

/s/ William B. Federman
William B. Federman
(S.D. New York #WF9124)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
P: (405) 235-1560 F: (405) 239-2112
wbf@federmanlaw.com
*Attorney for Plaintiffs*