September 28, 2023

**By Email and ECF**

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl St, Courtroom 18D
New York, NY 10007
Lehrburger_NYSDChambers@nysd.uscourts.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2023

Re:  *John Brian Clark, et al. v. BRC Inc., et al.*, No. 1:23-cv-5340 (S.D.N.Y.)

Dear Judge Lehrburger:

Pursuant to Rule III.B of Your Honor's Individual Practices in Civil Cases, Plaintiffs John Brian Clark, JBC Structured Products LLC, and Marathon Capital LLC ("Plaintiffs") and Defendants BRC Inc. ("BRC") and Black Rifle Coffee Company LLC (collectively, "Defendants") write to jointly request an interim stay of this action pending resolution of the action captioned *Tang Capital Partners, L.P. v. BRC Inc.*, No. 22-cv-3476 (S.D.N.Y.) (the "*Tang* Action")—a similar dispute regarding the exercise of the same BRC warrants at issue here.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to enter a stay, "courts in this [D]istrict consider five factors: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *CFPB v. Credit Acceptance Corp.*, 2023 WL 5013303, at *2 (S.D.N.Y. Aug. 7, 2023) (quoting *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020)). The "principal objective" is the first factor: "the avoidance of unfair prejudice." *Id.* (quoting *Am. Steamship Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 482 (S.D.N.Y. 2007)).

Each of these factors weighs in favor of a stay. As to the first and second factors, the parties agree that a stay is in the interests of both Plaintiffs and Defendants. The third factor also favors a stay because an interim stay may streamline this litigation, thereby preserving the resources of the Court. The fourth and fifth factors are also satisfied. "Proceeding with this case 'could well lead to unnecessary litigation that is time consuming for this court, as well as for any third parties' who might be impacted by it, including through unnecessary or inefficient discovery." *Id.* at *4. Accordingly, the parties respectfully request an interim stay of this Action as described below.

The conditions of the interim stay requested by the parties are:

1. All motion practice, obligation to respond to the operative complaint, and all discovery and disclosure obligations under the applicable local and federal rules in the above-captioned action are hereby stayed until the resolution of the *Tang* Action.

Hon. Robert W. Lehrburger
No. 1:23-cv-5340
September 28, 2023
Page 2

2. All hearings or conferences shall be postponed until after the stay is terminated.

3. Plaintiffs may lift the stay upon thirty (30) days' notice to Defendants' undersigned counsel by email (a) following any summary judgment decision in the *Tang* Action, (b) on any date nine months after the date the stay is entered, or (c) for other good cause.

Respectfully submitted,

/s/ *Byron Pacheco*
Byron Pacheco
*Counsel for Defendants*

/s/ *William B. Federman*
William B. Federman
*Counsel for Plaintiffs*

The joint request for a stay is granted. The case is stayed based on the terms set forth by the parties in this letter. The case management conference currently scheduled is canceled.

SO ORDERED:

9/29/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE